UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DAVE ERLANSON<br><br>          Plaintiff,<br>v.<br><br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br><br>          Defendant. | Case No. 4:22-cv-00091-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

There are several pending motions before the Court in this case. Plaintiff Dave

Erlanson has filed a Motion for Default Judgment (Dkt. 7); a Motion to Amend Complaint[1]

(Dkt. 8); and a Motion for Summary Judgment (Dkt. 9). Defendant, United States

Environmental Protection Agency ("EPA"), has responded with a Motion to Dismiss (Dkt.

10). Having reviewed the record and briefs, the Court finds that the facts and legal

arguments are adequately presented. Accordingly, in the interest of avoiding further delay,

and because the Court finds that the decisional process would not be significantly aided by

---

[1] The amended complaint added a damages calculation. Dkt. 8. The Motion, however, is moot given that the Court is dismissing Erlanson's § 1983 claim.

MEMORANDUM DECISION AND ORDER - 1

oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS EPA's Motion to Dismiss and DENIES Erlanson's Motions.

## II. BACKGROUND

The facts of this case go back to 2016. *See* Dkt. 1. In June of 2016, the EPA filed a complaint against Erlanson with an Administrative Law Judge ("ALJ") alleging that Erlanson violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a).[2] The ALJ issued a decision and order finding Erlanson had, in fact, violated the CWA and assessed a Class II civil penalty of $6,600 pursuant to 40 C.F.R. § 22.27 and 33 U.S.C. § 1319(g)(2)(B). *See* Dkt. 10, at Ex. B. Erlanson appealed the decision to the Environmental Appeals Board ("EAB"). *Id.* The EAB dismissed the appeal on procedural grounds while also noting that if they were to consider the merits, "the ALJ's determination is well-reasoned and well-supported by the record as to both liability and penalty." *Id.*

On February 26, 2022, Erlanson filed the instant action pursuant to 42 U.S.C. § 1983, seeking "to defend his 9th Amendment right to his State privileges and immunities." Dkt. 1, at 3. Moreover, it is Erlanson's "belief that the Article 3 judge will find here at least one Constitutional nexus upon which to adjudicate the matter." *Id.*

On May 31, 2022, Erlanson filed a Motion for Default Judgement. Dkt. 7. That same day, he filed an Amended Complaint. Dkt. 8. On June 8, 2022, Erlanson filed a Motion for

---

[2] Subsection (a) states, in relevant part, that "the discharge of any pollutant by any person shall be unlawful."

Summary Judgment mostly reiterating what was stated in his original complaint and Motion for Default Judgment. Dkt. 9. On July 29, 2022, the EPA responded with a Motion to Dismiss. Dkt. 10. The EPA cited Federal Rules of Civil Procedure 12(b)(1), (5), and (6) as grounds to dismiss the complaint.

The Court agrees with the EPA—there are grave procedural shortcomings which warrant the dismissal of Erlanson's suit. For one, Erlanson has not requested, nor issued, a summons to the EPA as required under Fed. R. Civ. P. 4(i)(1). Moreover, there is no indication that he properly served the EPA. He sent a copy of the complaint to the D.C. office of the EPA, but failed to serve the United States. *See* Fed. R. Civ. P. 4(i)(2) (when serving an agency, "a party must serve the United States and also send a copy . . . to the agency"). Lastly, to the extent that Erlanson wishes to appeal the ALJ's decision regarding the Class II violation, he is required to file an appeal with either the District of Columbia Circuit or the Ninth Circuit[3]—not with this Court. 33 U.S.C. § 1319(g)(8).

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A party who brings a Rule 12(b)(1) challenge may do

---

[3] The Court is aware of a recent filing by Erlanson with the Ninth Circuit. *See* Dkt. 14. Erlanson filed a Writ of Mandamus to the Ninth Circuit seeking an expedited decision by this Court. *Id.* The Court assumes the Circuit will dismiss the writ for lack of jurisdiction. Regardless, it is not something the Court need address at this time.

so by referring to the face of the pleadings or by presenting extrinsic evidence. See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . .").

If the jurisdictional attack is facial, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering this type of jurisdictional attack, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

### C. Rule 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a claim for insufficient service of process. Pursuant to Federal Rule of Civil Procedure 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m).

In the Ninth Circuit, a motion to dismiss based on a plaintiff's failure to abide by Rule 4(m) requires a two-step analysis: "First, upon a showing of good cause for the

defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (internal citations omitted).

With respect to the first step, the Ninth Circuit has clarified that showing "good cause" is the equivalent of demonstrating "excusable neglect," and that, to establish good cause, a Plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. However, it has noted that if a Plaintiff cannot establish good cause, the Court's discretion to nevertheless extend the prescribed time period for the service of a complaint "is broad." *Id.* Finally, if a court declines to extend the time period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

## IV. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

In its Motion to Dismiss, the EPA first argues that the Court should dismiss Erlanson's claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). It makes

two principle arguments: First, it claims the Court should dismiss the suit because there was no waiver of sovereign immunity. Second, the EPA points out that judicial review of Class II civil penalties should be brought before either the DC Circuit Court of Appeals or the Ninth Circuit. *See* 33 U.S.C. § 1319(g)(8). The Court agrees on both points.

First, it has long been understood that § 1983 does not waive sovereign immunity for agencies of the United States. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (holding that § 1983 only imposes liability upon persons and a federal agency is not a person); *see also Lyndon v. United States*, 2020 WL 3405530, at *5 (D. Haw. June 19, 2020) (same). Section 1983 only allows suits against "persons" and the EPA is not a person. *See Jachetta*, 653 F.3d at 908. Erlanson would have the Court believe differently. He asserts that the EPA would fall under the definition of "person." Dkt. 1, at 4–5. To support this position, Erlanson notes that the Supreme Court "has adopted the position . . . that corporations are persons for purposes of suit." *Id.* at 4. This argument does not hold any weight. There is no caselaw to suggest that a Federal Agency (i.e., the EPA) is a "corporation" as defined by the Supreme Court that would, therefore, fall under the definition of "person." The Ninth Circuit has clearly delineated that § 1983 "imposes liability upon a 'person', "and a federal agency is not a 'person' within the meaning [of § 1983]." *Jachetta*, 653 F.3d at 908. This alone bars Erlanson's suit.

There is a second, perhaps more obvious reason to dismiss this suit. The EPA has rightly pointed out that any challenge to a Class II Civil Penalty falls under the jurisdiction of either the DC Circuit Court of Appeals or the circuit in which the person resides. 33 U.S.C. § 1319(g)(8). Congress has spoken about which court is the proper avenue for

MEMORANDUM DECISION AND ORDER - 7

challenging a Class II violation. If Erlanson wishes to challenge the Class II violation, he must go before the appropriate court.

## B. Failure to State a Claim Under Rule 12(b)(6)

The EPA also asserts that Erlanson has failed to state a claim upon which relief can be granted. Dkt. 10, at 6–8. The Court agrees. In doing so, the Court is cognizant of the fact that *pro se* pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, in construing a *pro se* complaint, a court may not "supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982)).

The EPA contends that "[b]ecause federal agencies do not act under color of state law, they are facially exempt from Section 1983 liability." Dkt. 10, at 8. The Court agrees. In fact, the Ninth Circuit in *Jachetta* dismissed a petitioner's claims for the very same reason. 653 F.3d at 903, 908. There, the defendant brought a motion to dismiss arguing what the EPA is arguing here—that § 1983 does not waive sovereign immunity. *Id.* The Ninth Circuit agreed with the defendant and dismissed the complaint. *Id.* There is no reason to not do the same here. The Court agrees with the EPA—Erlanson failed to state and articulate any arguable legal theory to support his constitutional claim against the EPA.

## C. Insufficient Service of Process

There is yet one final reason to dismiss Erlanson's claim. He did not abide by the rules governing service of process to United States Agencies. *See* Fed. R. Civ. P. 4(i)(2). When serving a federal agency, a plaintiff is required to serve a summons and a complaint

to both the United States and the agency. *Id.* Erlanson never requested a summons and only served the complaint to the EPA without ever notifying the United States.[4] While the Court understands that Erlanson is filing *pro se*, this, in and of itself, does not excuse applicable procedural requirements.

In conclusion, the Court grants the EPA's Motion to Dismiss. Erlanson not only brought this challenge before the wrong Court, he failed to abide by the service requirements outlined in Rule 4. Moreover, the doctrine of sovereign immunity bars his § 1983 claim.

///

///

## V. ORDER

The Court HEREBY ORDERS:

1. Dave Erlanson's Motion for Default Judgment (Dkt. 7) is DENIED.

2. Dave Erlanson's Motion for Summary Judgment (Dkt. 9) is DENIED.

3. EPA's Motion to Dismiss (Dkt. 10) is GRANTED.[5]

4. This case is DISMISSED with PREJUDICE and CLOSED.

---

[4] To satisfy Rule 4(i), a plaintiff must serve the United States by delivering a copy of the summons and complaint "to the United States attorney for the district where the action is brought" as well as "to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)–(2). Here, Erlanson only served the complaint to the EPA's DC office.

[5] As noted, *see infra* Section III(B), the Court typically does not dismiss a case without granting leave to amend. Here, however, the Court will not allow leave to amend because Erlanson's shortcomings are procedural in nature and nothing he does can change the fact that this is the wrong court for his grievance and the EPA has not waived immunity. The Court must dismiss with prejudice.

MEMORANDUM DECISION AND ORDER - 9

5.  The Court will enter a separate judgement in accordance with Federal Rule of

    Civil Procedure 58.

DATED: October 14, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10